# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MERLVIN L. PERKINS, | : | |
| Plaintiff, | : | Case No. 3:08cv0360 |
| vs. | : | District Judge Walter H. Rice<br>Magistrate Judge Sharon L. Ovington |
| JUDGE MICHAEL T. HALL, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

### I. PLAINTIFF'S COMPLAINT

Plaintiff Merlvin L. Perkins, and inmate at the Chillicothe Correctional Institution in Chillicothe, Ohio, brings this case *pro se* under claiming that the Judge and attorneys during his criminal trial violated his rights under the United States Constitution. The Defendants named in Plaintiff's Complaint are Judge Michael T. Hall, prosecutor Ward C. Barrentine, and defense attorney Daniel Brinkman.

A search of public records available on the Ohio Department of Rehabilitation and Corrections' website reveals that in June 2008 Plaintiff was convicted of intimidating a victim or witness in violation of Ohio Rev. Code §2921.04 (third degree felony) and felonious assault in violation of Ohio Rev. Code §2903.11 (second degree felony). *See* http://www.drc.ohio.gov (offender search). His two-year sentence will expire on March 11, 2010. *Id.*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff claims that Judge Hall violated his constitutional rights during his trial by precluding him from using the transcripts of testimony during his preliminary hearing. Plaintiff claims that his court-appointed attorney did not challenge Judge Hall's rulings and did not present any argument about mitigating circumstances. According to Plaintiff, the prosecutor went along with this even though he knew the preliminary-hearing testimony was different than testimony given during Plaintiff's trial.

Plaintiff seeks an award of $700,000 in damages against each named defendant "plus 500ºº per days in jail and prison time[,] [a]nd to be let out of prison as soon as the Judge see[s] the transcripts." (Doc. #6, Statement of Claims at 3).

## II. STANDARDS OF REVIEW

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. This case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if satisfied that the Complaint is frivolous or malicious. *Denton*, 504

U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(I).

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B)(i), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of Complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915(2)(B)(ii). A *pro se* Complaint fails to state a claim upon which relief can be granted if – accepting the factual allegations as true and liberally construing them in the plaintiff's favor – it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

### III. ANALYSIS

Plaintiff's factual allegations, although not delusional, fail to state a claim with an arguable basis in law. This is so because under *Heck v. Humphrey*, 512 U.S. 477 (1994), his present federal constitutional claims brought under 42 U.S.C. §1983 are not cognizable. The Supreme Court explained in *Heck*:

... in order to recover damages for allegedly unconstitutional conviction or

> imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.

512 U.S. at 486-87.

Plaintiff's Complaint seeks an award of damages against each named Defendant and further seeks an Order requiring his release from his incarceration. To grant such relief would imply that his underlying convictions was constitutionally invalid. His claims are therefore not cognizable in this case unless he first shows that his convictions have been invalidated. *See Heck*, 512 U.S. at 487. His Complaint does not indicate whether or not his convictions have been invalidated, and given that he is presently in state custody serving his two-year sentence, it appears that his convictions remain valid. In addition, Plaintiff's convictions and sentence remain subject to challenge in the Ohio courts (through either a direct appeal or delayed direct appeal). *See* Ohio R. App. P. 4. If Plaintiff has exhausted his potential avenues of relief in the Ohio courts, he may yet seek relief in a federal habeas corpus action under 28 U.S.C. §2254. Consequently, his present §1983 claims are not cognizable and subject to dismissal without prejudice. *See Heck*, 512 U.S. at 486-87; *see also Powers v. Hamilton County Public Defender*, 501 F.3d 592, 599-605 (6th Cir. 2007)(discussing *Heck*).

Accordingly, Plaintiff's Complaint must be dismissed without prejudice under 28 U.S.C. §1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED without prejudice;

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.

October 28, 2008

                 s/ Sharon L. Ovington
                 Sharon L. Ovington
               United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).